UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

---------------------------------------------------------------------------x
RUSSELL HOFF, Individually and on Behalf of All
Others Similarly Situated,

                Plaintiff,

                v.

POPULAR INC., RICHARD CARRIÓN, JORGE
A. JUNQUERA, MANUEL MORALES, FRANCISCO
M. REXACH, JUAN J. BERMÚDEZ, MARIA L. FERRÉ,
WILLIAM J. TEUBER, JOSE R. VIZCARRONDO,
FREDERIC V. SALERNO, MICHAEL J. MASIN,
PRICEWATERHOUSE COOPERS LLP, UBS
FINANCIAL SERVICES INCORPORATED OF
PUERTO RICO, POPULAR SECURITIES, INC., and
CITIGROUP GLOBAL MARKETS, INC.,

                Defendants.
---------------------------------------------------------------------------x

Civil Action No. 09-01428
(GAG)(BJM) (Consolidated)

**POPULAR, INC. AND THE INDIVIDUAL DEFENDANTS'
MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT**

        COME NOW, defendants Popular, Inc. ("Popular") and Richard L. Carrión, Jorge A. Junquera, Manuel Morales, Francisco M. Rexach, Juan J. Bermúdez, Maria L. Ferré, William J. Teuber, Jose R. Vizcarrondo, Frederic V. Salerno and Michael J. Masin (the "Individual Defendants"), through the undersigned counsel and very respectfully state, allege, and pray as follows:

        1.    In accordance with Rule 7 of the Local Rules of the United States District Court for the District of Puerto Rico, Popular and the Individual Defendants respectfully move this Honorable Court to dismiss the Consolidated Class Action Complaint, dated October 19, 2009 (the "Complaint"), pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) on the following

grounds set forth in greater detail in the accompanying Memorandum of Law in Support of Popular, Inc. and the Individual Defendants' Motion to Dismiss the Consolidated Class Action Complaint:

    a.    plaintiffs' claim under Section 10(b) of the Securities Exchange Act of 1934 (Count One) fails because plaintiffs have not pled with particularity a material misstatement or omission as required under the heightened pleading standards of the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Federal Rule of Civil Procedure 9(b);

    b.    plaintiffs' claim under Section 10(b) of the Securities Exchange Act of 1934 (Count One) fails because plaintiffs have not pled a strong inference of scienter as required under the heightened pleading standards of the PSLRA and Federal Rule of Civil Procedure 9(b);

    c.    plaintiffs' claim under Section 10(b) of the Securities Exchange Act of 1934 (Count One) fails because plaintiffs have not pled loss causation, a required element of that claim;

    d.    plaintiffs' claim under Section 10(b) of the Securities Exchange Act of 1934 (Count One) fails because the alleged misrepresentations that form the basis of that claim are protected by the PSLRA's statutory safe-harbor for forward-looking statements;

    e.    plaintiffs' claim under Section 20(a) of the Securities Exchange Act of 1934 (Count Two) fails because it requires an underlying violation of Section 10(b) and none has been properly pled, and because plaintiffs have not pled culpable participation on the part of the named officer defendants;

    f.    plaintiffs' claims under Sections 11 and 12(a)(2) of the Securities Act of 1933 (Counts Three and Four) fail because plaintiffs have not pled any untrue statements or actionable omissions or loss causation, and because the claims are precluded by the statutory safe harbor for forward-looking statements;

    g.    plaintiffs' claim under Section 11 of the Securities Act of 1933 (Count Three) fails as against all of the Individual Defendants other than Messrs. Carrión and Junquera because it is barred by the statute of limitations;

    h.    plaintiffs' claim under Section 12(a)(2) of the Securities Act of 1933 (Count Four) fails as against Popular because Popular is not a statutory seller; and

      i.      plaintiffs' claim under Section 15 of the Securities Act of 1933 (Count Five) fails because it requires an underlying violation of Section 11 or 12(a)(2) and none has been properly pled.

**WHEREFORE**, Popular and the Individual Defendants hereby respectfully request that this Honorable Court enter an Order granting their Motion to Dismiss the Consolidated Class Action Complaint, without leave to replead, and grant such other relief as the Court deems just and proper.

**WE HEREBY CERTIFY** that today we electronically filed the foregoing document with the Clerk of Court using the CM/ECF system.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 11th day of January, 2010.

| | |
|---|---|
| Joseph E. Neuhaus (pro hac vice)<br>Jeffrey T. Scott (pro hac vice)<br>SULLIVAN & CROMWELL LLP<br>125 Broad Street<br>New York, NY  10004<br>Tel:  (212) 558-4000<br>Fax: (212) 558-3588<br><br>*Counsel for Popular Inc. and the Individual Defendants*<br><br>Ana Matilde Nin-Torregrosa<br>USDC No. 124607<br>NIN-TORREGROSA & RODRÍGUEZ-RUIZ<br>Citibank Tower, Suite 1801<br>252 Ponce de León Avenue<br>San Juan, Puerto Rico  00918<br>Tel:  (787) 282-6687<br>Fax: (787) 767-0729<br><br>*Counsel for Francisco M. Rexach* | By:  /s/ Néstor Méndez-Gómez<br>Néstor M. Méndez-Gómez<br>USDC No. 118409<br>nmendez@pmalaw.com<br><br>PIETRANTONI MÉNDEZ & ALVAREZ LLP<br>Popular Center, 19th Floor<br>209 Muñoz Rivera Ave.<br>San Juan, Puerto Rico  00918<br>Tel:  (787) 274-1212<br>Fax:  (787) 274-1470<br><br>*Counsel for Popular Inc. and the Individual Defendants except Francisco M. Rexach* |