**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

---------------------------------------------------------------------------x
RUSSELL HOFF, Individually and on Behalf of All
Others Similarly Situated,

                Plaintiff,

      v.

POPULAR INC., RICHARD CARRIÓN, JORGE
A. JUNQUERA, MANUEL MORALES, FRANCISCO
M. REXACH, JUAN J. BERMÚDEZ, MARIA L. FERRÉ,
WILLIAM J. TEUBER, JOSE R. VIZCARRONDO,
FREDERIC V. SALERNO, MICHAEL J. MASIN,
PRICEWATERHOUSE COOPERS LLP, UBS
FINANCIAL SERVICES INCORPORATED OF
PUERTO RICO, POPULAR SECURITIES, INC., and
CITIGROUP GLOBAL MARKETS, INC.,

                Defendants.
---------------------------------------------------------------------------x

Civil Action No. 09-01428
(GAG)(BJM) (Consolidated)

**POPULAR, INC. AND THE INDIVIDUAL DEFENDANTS' NOTICE OF
MOTION AND MOTION TO FILE SUPPLEMENTAL AUTHORITY IN SUPPORT OF
THEIR MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT**

**TO THE HONORABLE COURT:**

      **COME NOW**, Popular, Inc. and the individual defendants (together the "Moving Defendants") hereby notify the Court of the decision by the Honorable Lewis A. Kaplan in *Fait* v. *Regions Financial Corp.*, No. 09-cv-3161 (S.D.N.Y. May 10, 2010) (the "Opinion") (attached hereto as Exhibit A), decided last Monday, granting a motion to dismiss allegations similar to those in the above-captioned case.

      In *Fait*, the plaintiff alleged that defendant bank holding company Regions Financial Corp. ("Regions") issued financial statements that violated GAAP by not writing down its goodwill assets and by understating its loan loss reserves in the face of "growing evidence indicating serious problems existed" with the company's loan portfolio. (Opinion at 5-6, 8.) The plaintiff likewise

alleged that the opinion of Regions' auditor, defendant Ernst & Young LLP ("E&Y"), falsely stated that the financial statements satisfied GAAP. (*Id.* at 8.) Based on the incorporation of these allegedly false financial statements into a registration statement and prospectus used for a Regions stock offering, plaintiff asserted claims under Sections 11, 12, and 15 the Securities Act of 1933 ("Securities Act") against Regions, a Regions subsidiary, Regions' directors, E&Y, and the investment banks that underwrote the stock offering. (*Id.* at 1.)

The court found that the *Fait* plaintiff failed to state a claim under Sections 11 or 12 against any of the defendants because he had not alleged "misstatements or omissions of material *fact*." (*Id.* at 10, 14.) Rather, the value of loan loss reserves and goodwill "assets is a matter of judgment and opinion" which cannot be determined by an "objective standard." (*Id.* at 10-11, 14-15.) As a result, "'the question of material falsity'" turned on "'whether the representation was false—not because the value [was] wrong in some empirical sense, but because' the financial statement in [Regions'] 10-K did not reflect management's 'honest opinion.'" (*Id.* at 11 (quoting *Fraternity Fund Ltd.* v. *Beacon Hill Asset Mgmt., LLC*, 479 F. Supp. 2d 349, 363 (S.D.N.Y. 2007)); *id.* at 14-15.)

The court dismissed the complaint as a matter of law because it lacked "particularized allegations that management believed that the goodwill figure was materially overstated" or "that defendants did not truly hold [the] opinions [about their loan reserves] at the time they were made public." (*Id.* at 12, 14-15.) The court specifically stated that the same analysis would apply to a claim brought under Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"). (*See id.* at 11-12 & n.46.)

*Fait* strongly supports dismissal of plaintiffs' claims against the Moving Defendants. A valuation allowance for a company's deferred tax assets cannot be measured by any "objective

standard"; indeed, the applicable GAAP provision explicitly recognizes that the valuation allowance must be the result of management's "[j]udgment." (Statement of Financial Accounting Standards No. 109, at ¶ 25. *See also* PwC's Guide to Accounting for Income Taxes, at 89 (2007) ("The valuation allowance recorded should be based on management's judgment of what is 'more likely than not' considering all available information, both quantitative and qualitative.").) As in *Fait*, plaintiffs have not pled particularized facts that the Moving Defendants did not honestly believe the judgment that Popular reported, *i.e.*, that a full valuation allowance was not required before January 2009. Plaintiffs, like those in *Fait* (Opinion at 11, 15), explicitly disclaim that they are advancing any allegations of fraud with respect to their Securities Act claims (Consolidated Class Action Complaint (Docket No. 91) ¶¶ 3, 279, 316, 330). And for their Exchange Act claims, plaintiffs have not pled facts showing that management did not believe the judgment they made. (*See* Memorandum of Law in Support of Popular, Inc. and the Individual Defendants' Motion to Dismiss the Consolidated Class Action Complaint, at 17-23 (Docket No. 117); Reply Memorandum of Law in Further Support of Popular, Inc. and the Individual Defendants' Motion to Dismiss the Consolidated Class Action Complaint, at 7-17 (Docket No. 149).) Thus, under either theory, plaintiffs have not adequately alleged any material misstatement of fact.[1]

      **WHEREFORE,** the Moving Defendants respectfully request this Honorable Court to take notice of the above in further support of the Moving Defendants' Motion to Dismiss the Consolidated Class Action Complaint (Docket No. 116) and the Memorandum in Support of Popular, Inc. and the Individual Defendants' Motion to Dismiss the Consolidated Class Action Complaint.

---

[1] *Fait* is equally applicable to the claims brought against the other defendants. Those other defendants have authorized the Moving Defendants to say that they concur in this motion.

**WE HEREBY CERTIFY** that today we electronically filed the document with the Clerk of the Court using the CM/ECF system, which, on information and belief, shall automatically notify counsel of record, and which pursuant to Local Civil Rule 5.1(b)(2), constitutes the equivalent service.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 14th day of May, 2010.

Joseph E. Neuhaus (pro hac vice)
Jeffrey T. Scott (pro hac vice)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004
Tel:  (212) 558-4000
Fax: (212) 558-3588

*Counsel for Popular Inc. and the Individual Defendants*

Ana Matilde Nin-Torregrosa
USDC No. 124607
NIN-TORREGROSA &
RODRÍGUEZ-RUIZ
Citibank Tower, Suite 1801
252 Ponce de León Avenue
San Juan, Puerto Rico  00918
Tel:  (787) 282-6687
Fax:  (787) 767-0729

*Counsel for Francisco M. Rexach*

By: /s/ Néstor Méndez-Gómez
Néstor M. Méndez-Gómez
USDC No. 118409
nmendez@pmalaw.com

PIETRANTONI MÉNDEZ &
ALVAREZ LLP
Popular Center, 19th Floor
209 Muñoz Rivera Ave.
San Juan, Puerto Rico  00918
Tel:  (787) 274-1212
Fax:  (787) 274-1470

*Counsel for Popular Inc. and the Individual Defendants except Francisco M. Rexach*