UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| RUSSELL HOFF, Individually and on Behalf of All Others Similarly Situated,<br>                     Plaintiff,<br>vs.<br>POPULAR INC., et al.,<br>                     Defendants. | Civil Action No. 3:09-CV-01428-GAG (Consolidated)<br><br>CLASS ACTION |

**PLAINTIFFS' INFORMATIVE MOTION REGARDING
IN RE CITIGROUP INC. BOND LITIGATION**

TO THE HONORABLE COURT:

NOW COME the Plaintiffs, represented by their undersigned counsel, and respectfully inform the Court about a recent decision that bears directly on the motions to dismiss presently before the Court: the Southern District of New York's July 12, 2010, Opinion and Order in *In re Citigroup Inc. Bond Litigation,* No. 08-9522 (SHS) (hereafter "*Citigroup* Order") (attached hereto as Exhibit A). Plaintiffs respectfully submit that the *Citigroup* Order demonstrates that Defendants' repeated statements that Popular was "well capitalized" are actionable under the securities laws.

The Complaint alleges that Popular falsely stated throughout the Class Period that it was "well capitalized." Complaint ¶¶ 154-171, 212-216, 221-223. Specifically, the Complaint alleges that had Popular taken a full valuation allowance against its US deferred tax assets, as was required under GAAP, its total risk-based capital ratio would have fallen below the Federal Deposit Insurance Act requirement for being well capitalized. *Id.* at ¶¶ 154-171. The Complaint further alleges that the difference between being classified as "well capitalized" and either "adequately capitalized" or undercapitalized" was material to Popular and its shareholders, and would have had immediate and significant repercussions on the Company's ability to conduct

business and earn income. *Id.* In fact, the Complaint alleges that losing its "well capitalized" status would have resulted in Popular being unable to remain a financial holding company, holding $3 billion in brokered deposits, and paying attractive interest rates. *Id.*

Similarly, plaintiffs in *Citigroup* alleged that the defendants' "well capitalized" statements were false because they failed to account for Citigroup's exposure to collateralized debt obligations and structured investment vehicles, both of which were backed by subprime mortgage assets, and for certain auction rate securities that had become liquid. *See Citigroup* Order at 8, 16-17. The Court "agree[d]":

> Plaintiffs contend that Citigroup's representation in each of its SEC filings during the relevant period that it maintained a "well-capitalized" position was untrue or misleading and is actionable. The Court agrees. Plaintiffs' allegation that defendants' statement that Citigroup was "well capitalized" was untrue is backed by specific factual allegations describing why it was untrue and why that untrue statement was material. Specifically, the complaint alleges that Citigroup's Tier 1 Capital Ratio – which was the basic measure of Citigroup's financial viability – was calculated without inclusion of billions of dollars of liabilities, including $66 billion in direct exposure to subprime-backed CDO securities, and thus the disclosed capital ratio was an untrue and misleading reflection of Citigroup's financial health. Thus, the complaint states a plausible claim to relief pursuant to Section 11.
>
> Defendants' response – that the complaint merely alleges "mismanagement" which is not actionable under the securities laws – ignores the core of plaintiffs' allegations which turn not on Citigroup's management of its assets and liability but instead on the manner in which they disclosed those assets and liabilities. Accordingly, plaintiffs' allege not simply mismanagement but an untrue or misleading statement of material fact and therefore states a claim pursuant to Section 11.

*Citigroup* Order at 45-46. The same result should apply here.[1]

---

[1] Notably, the Court also held that, "[w]ith respect to the statute of limitations, it is well established that such a challenge entails a fact-intensive inquiry that is generally inappropriate for a Court to engage in at the motion to dismiss stage (*Citigroup* Order at 34 n. 4) (citation omitted), and that, "[w]ith respect to damages, defendants themselves concede that "[S]ections 11 and 12 do not require that a plaintiff plead damages" (*id.*) (citing *In re Fuwei Films Sec. Litig.*, 634 F. Supp. 2d 419, 444 (S.D.N.Y. 2009) ("Plaintiff is not required to demonstrate loss causation to plead adequately claims under sections 11 and 12(a)(2)," and should defendants

WHEREFORE, Plaintiffs respectfully inform the Court about the Southern District of New York's recent decision in Citigroup, which demonstrates that Defendants' statements that Popular was "well capitalized" are actionable under the securities laws.

| | |
|---|---|
| RESPECTFULLY SUBMITTED,<br>In San Juan, Puerto Rico, this<br>13th day of July, 2010 | THE LAW OFFICES OF ANDRÉS W. LÓPEZ, P.S.C.<br>ANDRÉS W. LÓPEZ (USDC NO. 215311)<br><br>s/Andrés W. López<br>ANDRÉS W. LÓPEZ<br>207 Del Parque Street, Third Floor<br>San Juan, PR  00912<br>Telephone:  787/641-4541<br>787/641-4544 (fax)<br><br>*Liaison Counsel*<br><br>BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP<br>SALVATORE J. GRAZIANO<br>LAURA H. GUNDERSHEIM<br>1285 Avenue of the Americas, 38th Floor<br>New York, NY  10019<br>Telephone:  212/554-1400<br>212/554-1444 (fax)<br><br>ROBBINS GELLER RUDMAN & DOWD LLP<br>SAMUEL H. RUDMAN<br>ROBERT M. ROTHMAN<br>MARK T. MILLKEY<br>58 South Service Road, Suite 200<br>Melville, NY  11747<br>Telephone:  631/367-7100<br>631/367-1173 (fax)<br><br>*Co-Lead Counsel for Plaintiffs* |

---

seek to raise "negative causation," that "affirmative defense . . . is more properly considered on a motion for summary judgment"), directly refuting Defendants' arguments here to the contrary. *See* Pop. Mem. at 32-33; PwC Mem. at 8-14 and Pop. Mem. at 31-32; PwC Mem. at 2; Und. Mem. at 4-5, respectively.