UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| RUSSELL HOFF, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 3:09-cv-01428-GAG (Consolidated) |
| Plaintiff, | : | CLASS ACTION |
| vs. | : | LEAD PLAINTIFFS' UNOPPOSED MOTION AND MEMORANDUM OF LAW FOR PRELIMINARY APPROVAL OF SETTLEMENT |
| POPULAR INC., et al., | : | |
| Defendants. | : | |

625314_1

## TABLE OF CONTENTS

Page

I. PRELIMINARY STATEMENT ...................................................................................1

II. OVERVIEW OF THE ACTION ..................................................................................4

III. THE STIPULATION AND AGREEMENT OF SETTLEMENT AND
PROPOSED PLAN OF ALLOCATION.......................................................................6

IV. THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL............6

V. A SETTLEMENT CLASS SHOULD BE PRELIMINARILY CERTIFIED.......................8

VI. THE PROPOSED NOTICE TO THE CLASS MEMBERS, SUMMARY
NOTICE AND PROOF OF CLAIM ARE ADEQUATE ...................................................9

VII. PROPOSED SCHEDULE OF EVENTS ........................................................................10

VIII. CONCLUSION................................................................................................................11

## TABLE OF AUTHORITIES

Page

**CASES**

*Bussie v. Allmerica Fin. Corp.*,
  50 F. Supp. 2d 59 (D. Mass. 1999) ................................................................................8

*Consol. Edison, Inc. v. Northeast Utils.*,
  332 F. Supp. 2d 639 (S.D.N.Y. 2004) ..........................................................................10

*In re Baldwin-United Corp.*,
  105 F.R.D. 475 (S.D.N.Y. 1984) ...................................................................................7

*In re Lupron(R) Mktg. & Sales Practices Litig.*,
  345 F. Supp. 2d 135 (D. Mass. 2004) ..................................................................3, 7, 8

*In re NASDAQ Mkt.-Makers Antitrust Litig.*,
  No. MDL 1023, 1997 U.S. Dist. LEXIS 20835
  (S.D.N.Y. Dec. 31, 1997) ..............................................................................................7

*In re Visa Check/Mastermoney Antitrust Litig.*,
  297 F. Supp. 2d 503 (E.D.N.Y. 2003), *aff'd sub nom.*
  *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*,
  396 F.3d 96 (2d Cir. 2005) ............................................................................................7

*Torrisi v. Tucson Elec. Power Co.*,
  8 F.3d 1370 (9th Cir. 1993) ........................................................................................11

*Weinberger v. Kendrick*,
  698 F.2d 61 (2d Cir. 1982) ..........................................................................................10

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure
  Rule 23 ...........................................................................................................................8
  Rule 23(a) .......................................................................................................................8
  Rule 23(b)(3) ..................................................................................................................8
  Rule 23(c)(2) ..................................................................................................................9
  Rule 23(e) ...................................................................................................................6, 7
  Rule 23(e)(2) ..................................................................................................................9

**Page**

15 U.S.C.
   §77k............................................................................................................................................4
   §77l(a)(2) ...................................................................................................................................4
   §77o............................................................................................................................................4
   §78j(b).........................................................................................................................................4
   §78t(a) ........................................................................................................................................4

17 C.F.R.
   §240.10b-5 .................................................................................................................................4

**SECONDARY AUTHORITY**

*Manual for Complex Litigation* (4th ed. 2004)
   §21.632.......................................................................................................................................7
   §21.633.......................................................................................................................................9

**TO THE HONORABLE COURT**

**NOW COME** plaintiffs General Retirement System of the City of Detroit, Nilda Picó and José L. Puig-Rivera (collectively "Lead Plaintiffs") who hereby move for entry of the [Proposed] Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order"). Lead Plaintiffs' motion is based on the Stipulation and Agreement of Settlement dated June 10, 2011 ("Stipulation"), the following Memorandum of Law in Support of Preliminary Approval of Settlement, all other pleadings and matters of record, and such additional evidence or argument as may be presented.[1]

## I.   PRELIMINARY STATEMENT

Lead Plaintiffs are pleased to submit this memorandum of law in support of their unopposed motion for an order granting preliminary approval of the proposed $37,500,000 cash settlement (the "Settlement") of this securities class action (the "Action"). The proposed Settlement is an outstanding result under the circumstances present here, is in the best interests of the Settlement Class and accordingly, should be preliminarily approved by this Court.

The Action involves claims against defendants Popular, Inc. ("Popular" or the "Company"), Richard Carrión (Popular's Chairman of the Board and CEO), and Jorge A. Junquera (Popular's CFO and Senior Executive Vice President) (collectively, the "Settling Defendants"),[2] on behalf of all persons and entities who purchased or acquired Popular common stock and/or 8.25% non-

---

[1]   Any capitalized terms used that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

[2]   Pursuant to the Order of the Court dated August 2, 2010, all claims asserted in the Action against defendants Manuel Morales, Francisco M. Rexach, Juan J. Bermúdez, Maria L. Ferré, William J. Teuber, José R. Vizcarrondo, Frederic V. Salerno, Michael J. Masin, PricewaterhouseCoopers LLP, UBS Financial Services Incorporated of Puerto Rico, Popular Securities, Inc. and Citigroup Global Markets, Inc. were dismissed by the Court.

- 1 -

625314_1

cumulative monthly income Series B preferred stock ("Series B preferred stock") during the period from January 24, 2008 through and including February 19, 2009 (the "Class Period"), and were injured thereby. The amended complaint (the "Complaint") filed in the Action asserted claims against the Settling Defendants under the Securities Act of 1933 (the "Securities Act") and the Securities Exchange Act of 1934 (the "Exchange Act"). More specifically, Lead Plaintiffs alleged that, throughout the Class Period, the Settling Defendants' fraudulent scheme caused Popular to improperly record hundreds of millions of dollars of "deferred tax assets" – or losses, credits and other tax deductions, which may be used to offset taxable income in future years – on its financial statements in violation of Generally Accepted Accounting Principles ("GAAP"), which materially misrepresented Popular's financial condition to investors and artificially inflated the trading prices of Popular's common stock and Series B preferred stock, in violation of the federal securities laws. Asserting that they did nothing wrong, the Settling Defendants denied all of Lead Plaintiffs' allegations, including that the prices of Popular's securities were artificially inflated and that Lead Plaintiffs or the Settlement Class suffered damages.

With this motion, Lead Plaintiffs seek entry of an order providing for, among other things:

1. preliminary approval of the Settlement on the terms set forth in the Stipulation;

2. preliminary certification of a Settlement Class for settlement purposes only;

3. approval of the form of notice describing the terms of the Settlement, Class Members' rights with respect thereto, the proposed release of claims against the Released Persons and the Settlement Class, the proposed Plan of Allocation of the settlement proceeds, Co-Lead Counsel's request for an award of attorneys' fees and expenses, and the procedures for filing Proofs of Claim; and

4.      the scheduling of a hearing to consider final approval of the Settlement and the foregoing matters (the "Settlement Hearing").

At the Settlement Hearing, the Court will have before it more expansive motion papers submitted in support of the proposed Settlement, and will be asked to make a determination as to whether the Settlement is fair, reasonable, and adequate. At this time, Lead Plaintiffs request only that the Court grant preliminary approval of the Settlement so that notice may be provided to the Settlement Class. For purposes of this motion for preliminary approval, the issue before the Court is whether the proposed Settlement is within the range of what *might* be approved as fair, reasonable, and adequate in order to justify mailing and publishing notice of the Settlement, and scheduling a final hearing. "'[W]hen the court finds that: (1) the negotiations occurred at arm's length; (2) there was sufficient discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected,' a presumption of fairness attaches to the court's determination." *In re Lupron(R) Mktg. & Sales Practices Litig.*, 345 F. Supp. 2d 135, 137 (D. Mass. 2004) (citation omitted). The Court is not required at this point to make a final determination regarding the reasonableness of the Settlement, and no Class Member's substantive rights will be prejudiced by preliminary approval.

Lead Plaintiffs and Co-Lead Counsel have a thorough understanding of the strengths and weaknesses of this case, and readily evaluated the risks associated with the Action, as well as the fairness of the proposed Settlement, which was reached only after intense arm's-length negotiations assisted by an experienced mediator. Specifically, the Settling Parties engaged in substantial document discovery and two full-day arm's-length mediation sessions under the auspices of former Federal District Judge Nicholas H. Politan which assisted Lead Plaintiffs and Co-Lead Counsel in evaluating the merits of the case. Among other things, the Settlement provides substantial monetary

- 3 -

benefits to the Settlement Class, which must be compared to the risks that protracted and contested litigation – including dispositive motion practice, trial and likely appeals – might lead to no recovery, or a smaller recovery, from the Settling Defendants. Lead Plaintiffs and Co-Lead Counsel believe that the proposed Settlement is an outstanding result and is in the best interests of the Settlement Class.

## II.     OVERVIEW OF THE ACTION

On May 14, 2009, a lawsuit was filed in the United States District Court for the District of Puerto Rico (the "Court") as a class action on behalf of all purchasers of the securities of Popular between January 23, 2008 and January 22, 2009, inclusive, seeking to pursue remedies under the Exchange Act.

On August 21, 2009, the Court appointed General Retirement System of the City of Detroit, Nilda Picó and José L. Puig-Rivera as Lead Plaintiffs and approved their selection of Co-Lead Counsel and Liaison Counsel.

On October 19, 2009, Lead Plaintiffs filed the Complaint on behalf of themselves and all persons and entities, other than the Defendants named therein and the Defendants' specified affiliates, who purchased or acquired Popular common stock and/or Series B preferred stock during the time period between January 24, 2008 and February 19, 2009, inclusive, and were injured thereby. The Complaint named numerous parties as defendants, including the Settling Defendants, other present and former officers and directors of Popular, Popular's auditors and the underwriters of certain public offerings of Popular's securities. The Complaint alleged violations of §10(b) of the Exchange Act, Rule 10b-5 promulgated thereunder, §20(a) of the Exchange Act, and §§11, 12(a)(2) and 15 of the Securities Act on behalf of the Class.

- 4 -
625314_1

On January 11, 2010, each of the named defendants moved to dismiss the Complaint, which motions were opposed by Lead Plaintiffs. On August 2, 2010, the Court issued an Order granting in part and denying in part the motions to dismiss. Following the motions to dismiss, only the Settling Defendants – *i.e.*, Popular, Richard Carrión and Jorge A. Junquera – remained in the Action.

By Order dated October 4, 2010, the Court instructed the parties to discuss the possibility of referring the case to mediation. Following the issuance of the October 4, 2010 Order, the parties agreed to attempt mediation. The parties attended two full-day mediation sessions with an experienced mediator, former Federal District Judge Nicholas H. Politan, on January 18 and 19, 2011. In connection with the mediation, the Settling Defendants and former defendant PricewaterhouseCoopers LLP (Popular's auditor) produced approximately 60,000 pages of documents, which Lead Plaintiffs reviewed and analyzed with their accounting and damages experts, in advance of the mediation. In addition, Lead Plaintiffs drafted and submitted an extensive mediation statement to Judge Politan in advance of the mediation. At the conclusion of the mediation, following intense arm's-length negotiations, Lead Plaintiffs and the Settling Defendants reached an agreement-in-principle to settle the Action, and on January 19, 2011, executed a Memorandum of Understanding (the "MOU") providing for a resolution of the Action, subject to Court approval, in exchange for a payment of $37,500,000 in cash by the Settling Defendants.

Lead Plaintiffs and Co-Lead Counsel have undertaken an extensive factual investigation and legal analysis as to the claims against the Settling Defendants, as well as the defenses to those claims, and have analyzed potential damages that could be recovered from the Settling Defendants if the Class were to prevail. During the course of their analysis, Co-Lead Counsel, together with their experts, reviewed tens of thousands of pages of key documents produced for mediation purposes. While Lead Plaintiffs and Co-Lead Counsel believe that all the claims asserted in the Action are

meritorious and that the Class would ultimately prevail at trial, they recognize the risks they face in connection with the inherent problems of proving, and the possible defenses to, the violations of the federal securities laws asserted in the Complaint, as well as the expense and length of continued proceedings necessary to prosecute the claims against the Settling Defendants through trial and appeal. Lead Plaintiffs and Co-Lead Counsel therefore believe settlement at this stage is in the best interests of the Class, and urge the Court's preliminary approval of the Settlement.

### III.   THE STIPULATION AND AGREEMENT OF SETTLEMENT AND PROPOSED PLAN OF ALLOCATION

The settlement negotiations were hard fought and took place at arm's-length. However, as set forth herein, after substantial efforts by the parties, with the assistance of an experienced mediator, the parties were able to reach an excellent result, which provides for a cash payment of $37.5 million for the benefit of the Settlement Class.

In drafting the proposed Plan of Allocation of the settlement proceeds (set forth in the proposed Notice to be sent to Class Members informing them of the terms of the Settlement), Lead Plaintiffs' damages expert considered the price changes of Popular common stock and Series B preferred stock in reaction to certain public announcements regarding Popular, adjusting for price changes that were attributable to market or industry forces, and the allegations in the Complaint and the evidence developed in support thereof, as advised by Co-Lead Counsel.

Accordingly, the Settlement and proposed Plan of Allocation warrant preliminary approval by this Court so that Lead Plaintiffs can inform the Settlement Class of their terms.

### IV.   THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL

Rule 23(e) of the Federal Rules of Civil Procedure provides that before a class action may be dismissed or compromised, notice must be given in the manner directed by the court, and judicial

approval must be obtained. Fed. R. Civ. P. 23(e). As a matter of public policy, courts favor the settlement of disputed claims, particularly in complex class actions, so as to encourage compromise and conserve judicial and private resources. *In re Visa Check/Mastermoney Antitrust Litig.*, 297 F. Supp. 2d 503, 509 (E.D.N.Y. 2003), *aff'd sub nom. Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96 (2d Cir. 2005). At the Settlement Hearing, the Court will have before it extensive papers submitted in support of the proposed Settlement and will be asked to make a final determination as to whether the Settlement is fair, reasonable, and adequate under all of the circumstances surrounding the Action. Here, however, Lead Plaintiffs request only that the Court grant preliminary approval in order to authorize notifying Class Members of, among other things, the terms of the Settlement, and of their opportunity to be heard regarding the Settlement at the Settlement Hearing where final approval of the Settlement will be considered.

The test for granting preliminary approval is whether the proposed settlement is "'at least sufficiently fair, reasonable and adequate to justify notice to those affected and an opportunity to be heard.'" *In re NASDAQ Mkt.-Makers Antitrust Litig.*, No. MDL 1023, 1997 U.S. Dist. LEXIS 20835, at *24 (S.D.N.Y. Dec. 31, 1997) (quoting *In re Baldwin-United Corp.*, 105 F.R.D. 475, 482 (S.D.N.Y. 1984)). *See Manual for Complex Litigation* §21.632, at 321 (4th ed. 2004) ("The judge must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice."); *Lupron*, 345 F. Supp. 2d at 138. Here, the proposed Settlement easily satisfies that standard.

Lead Plaintiffs are now requesting the Court to take the first step in the process and grant preliminary approval of the Settlement. The Settlement is clearly within the range of reasonableness, and meets the standards for approval.

## V.   A SETTLEMENT CLASS SHOULD BE PRELIMINARILY CERTIFIED

In connection with granting preliminary approval of the Settlement, the Court should also preliminarily certify a Settlement Class in this Action for settlement purposes only, defined as follows:[3]

> All persons and entities who purchased or acquired Popular common stock and/or Series B preferred stock during the Class Period, and were injured thereby. Excluded from the Settlement Class are: (i) Defendants; members of the immediate families of the Defendants; the subsidiaries and affiliates of Defendants (provided, however, that the Popular, Inc. U.S.A. 401(k) Savings & Investment Plan and the Popular, Inc. Puerto Rico Savings and Investment Plan shall not be deemed affiliates of the Defendants for purposes of this Settlement Class definition); any person or entity who is a partner, executive officer, director or controlling person of Popular or any other Defendant; any entity in which any Defendant has a controlling interest; Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof, and the legal representatives, heirs, successors and assigns of any such excluded party; and (ii) those persons and entities who timely and validly request exclusion from the Settlement Class.

The courts routinely certify settlement classes in complex class actions arising under Rule 23 of the Federal Rules of Civil Procedure. *Lupron*, 345 F. Supp. 2d at 137; *Bussie v. Allmerica Fin. Corp.*, 50 F. Supp. 2d 59, 72 (D. Mass. 1999). Here, the proposed Settlement Class satisfies all the criteria for a class certification under Federal Rule of Civil Procedure 23(a) and (b)(3), *i.e.*, numerosity, commonality, typicality, adequacy of representation, and superiority. *See Bussie*, 50 F. Supp. 2d at 69. First, the claims of Lead Plaintiffs arise from purchases or acquisitions of Popular common or Series B preferred stock during the Class Period (as evident from certificates filed in connection with the motions for appointment of lead plaintiff), and thus are typical of the Settlement Class they seek to represent. Second, there are numerous Class Members, evident by the tens of

---

[3]   At the preliminary approval stage, Lead Plaintiffs request only that the Court grant preliminary certification of the Settlement Class for settlement purposes. Lead Plaintiffs' request for final certification of the Settlement Class will be presented to the Court in connection with Lead Plaintiffs' motion for final approval of the Settlement.

- 8 -

625314_1

millions of Popular common and Series B preferred shares outstanding during the Class Period. Third, there are common questions concerning Popular's issuance of materially misleading statements and their inflationary impact on the price of Popular securities that predominate over any individual issues of law and fact. Fourth, the tenacity Lead Plaintiffs and Co-Lead Counsel have demonstrated in achieving this Settlement clearly evidences their ability to adequately represent the Settlement Class. Finally, there are common questions concerning Defendants' issuance of materially misleading statements and their inflationary impact on the price of Popular securities that predominate over any individual issues of law and fact, and a class action is the superior method of adjudicating the Settlement Class's claims.

## VI. THE PROPOSED NOTICE TO THE CLASS MEMBERS, SUMMARY NOTICE AND PROOF OF CLAIM ARE ADEQUATE

Federal Rule of Civil Procedure 23(e)(2) requires that class members receive notice of any proposed settlement before final approval by the court. *Manual for Complex Litigation*, *supra*, §21.633, at 321-22. Lead Plaintiffs respectfully submit that the proposed notices, which are annexed as Exhibits A-1 and A-3 to the Preliminary Approval Order, submitted herewith, are adequate. If approved by the Court, the Notice, substantially in the form of Exhibit A-1 to the Preliminary Approval Order, along with the Proof of Claim, substantially in the form of Exhibit A-2 to the Preliminary Approval Order, will be sent by First-Class Mail to each Class Member identified from Popular's transfer records. In addition, the Summary Notice, substantially in the form of Exhibit A-3 to the Preliminary Approval Order, will be published in *Investor's Business Daily* and *PR Newswire* within ten (10) calendar days of the mailing of the Notice.

As required by Federal Rule of Civil Procedure 23(c)(2), the notices will inform Settlement Class members of the claims alleged in the Action, the terms of the Settlement and their rights as Settlement Class members to opt-out or object to the Settlement, or otherwise object to the Plan of

625314_1

Allocation and/or the application for attorneys' fees and expenses. *See Consol. Edison, Inc. v. Northeast Utils.*, 332 F. Supp. 2d 639, 652 (S.D.N.Y. 2004) ("'Due process requires that the notice to class members "fairly apprise the . . . members of the class of the terms of the proposed settlement and of the options that are open to them in connection with [the] proceedings."'") (citations omitted). *Weinberger v. Kendrick*, 698 F.2d 61, 70 (2d Cir. 1982).

Lastly, as part of the preliminary approval of the Settlement, Lead Plaintiffs also respectfully request the appointment of Epiq Systems, Inc. ("Epiq") as Claims Administrator. As Claims Administrator, Epiq will be responsible for, among other things, mailing the Notice and the Proof of Claim to the Settlement Class, publishing the Summary Notice, and reviewing, processing and paying claims. Epiq has extensive experience in settlement administration and will adequately fulfill its duties in this case.

## VII. PROPOSED SCHEDULE OF EVENTS

In connection with preliminary approval of the Settlement, the Court must set a date and time for the Settlement Hearing. Other deadlines in the settlement approval process, including the deadlines for requesting exclusion from the Settlement Class, objecting to the Settlement or submitting a Proof of Claim will be determined based on the date of the Settlement Hearing or on the date that the Preliminary Approval Order is entered. Lead Plaintiffs propose the following schedule:

| Event | Date |
| --- | --- |
| Deadline for mailing the Notice and Proof of Claim to Class Members | 15 business days after entry of the Preliminary Approval Order (the "Notice Date") |
| Deadline for publishing the Summary Notice | 10 calendar days after the Notice Date |
| Deadline for filing of papers in support of final approval of the Settlement, the Plan of | 28 calendar days prior to the Settlement Hearing |

- 10 -

| | |
|---|---|
| Allocation and Co-Lead Counsel's application for an award of attorneys' fees and expenses | |
| Deadline for submission of objections or requests for exclusion | 21 calendar days prior to the Settlement Hearing |
| Deadline for filing reply papers | 7 calendar days prior to the Settlement Hearing |
| The Settlement Hearing | To be determined by the Court (at least 100 calendar days after filing of this Motion) |
| Deadline for submission of Proofs of Claim | 90 calendar days after the Notice Date |

This schedule is similar to those used and approved by numerous courts in class action settlements and provides due process to Class Members with respect to their rights concerning the Settlement. *See Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1374-75 (9th Cir. 1993).

**VIII. CONCLUSION**

Lead Plaintiffs request approval of this unopposed motion for an order preliminarily approving the Settlement, preliminarily certifying the Settlement Class for settlement purposes only, directing that the Notice and Proof of Claim be sent to Class Members, directing publication of the Summary Notice, and setting a hearing date for final approval.

| | |
|---|---|
| RESPECTFULLY SUBMITTED, | THE LAW OFFICES OF ANDRÉS W. LÓPEZ, P.S.C. |
| In San Juan, Puerto Rico, this 17th day of June, 2011 | ANDRÉS W. LÓPEZ (USDC NO. 215311) |

                                                s/ Andres W. López
                                                ANDRÉS W. LÓPEZ

207 Del Parque Street, Third Floor
San Juan, PR  00912
Telephone:  787/641-4541
787/641-4544 (fax)

Liaison Counsel

>ROBBINS GELLER RUDMAN
>   & DOWD LLP
>ROBERT M. ROTHMAN
>58 South Service Road, Suite 200
>Melville, NY  11747
>Telephone:  631/367-7100
>631/367-1173 (fax)
>
>ROBBINS GELLER RUDMAN
>   & DOWD LLP
>ELLEN GUSIKOFF STEWART
>655 West Broadway, Suite 1900
>San Diego, CA  92101-3301
>Telephone:  619/231-1058
>619/231-7423 (fax)
>
>BERNSTEIN LITOWITZ BERGER &
>   GROSSMANN LLP
>SALVATORE J. GRAZIANO
>LAURA H. GUNDERSHEIM
>JEREMY P. ROBINSON
>1285 Avenue of the Americas, 38th Floor
>New York, NY  10019
>Telephone:  212/554-1400
>212/554-1444 (fax)
>
>Co-Lead Counsel for Plaintiffs