UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

---------------------------------------------------------- x
RUSSELL HOFF, Individually and on Behalf  :  Civil Action No. 3:09-cv-01428-GAG
of All Others Similarly Situated,         :  (Consolidated)
                                          :
                    Plaintiff,            :  CLASS ACTION
                                          :
        vs.                               :  [PROPOSED] ORDER PRELIMINARILY
                                          :  APPROVING SETTLEMENT AND
POPULAR INC., et al.,                     :  PROVIDING FOR NOTICE
                                          :
                    Defendants.           :
                                          :
---------------------------------------------------------- x

WHEREAS, a consolidated action is pending before this Court styled *Hoff v. Popular Inc, et al.*, Civil Action No. 3:09-cv-01428-GAG (the "Action");

WHEREAS, Lead Plaintiffs having made, and the Settling Defendants having not opposed, an application, pursuant to Federal Rule of Civil Procedure 23(e), for an order approving the settlement of this Action, in accordance with a Settlement Agreement dated June 10, 2011, which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Settlement Agreement and the Exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all defined terms herein have the same meanings as set forth in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Settlement Agreement and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2. A hearing (the "Settlement Hearing") shall be held before this Court on November 01, 2011, at 9:00 a.m., at the United States District Court for the District of Puerto Rico, Clemente Ruiz-Nazario U.S. Courthouse & Federico Degetau Federal Building, 150 Carlos Chardón Street, San Juan, Puerto Rico, to determine whether to finally certify this action as a class action pursuant to Rules 23(a) and (b) of the Federal Rules of Civil Procedure solely for the purpose of settlement; to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; to determine whether a Judgment

as provided in ¶1.14 of the Settlement Agreement should be entered; to determine whether the proposed Plan of Allocation should be approved as fair and reasonable; and to determine the amount of fees and expenses that should be awarded to Plaintiffs' Counsel. The Court may adjourn the Settlement Hearing without further notice to Class Members.

        3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for purposes of the Settlement, the Action as a class action on behalf of all persons and entities who purchased or acquired Popular common stock and/or Series B preferred stock during the period between January 24, 2008 and February 19, 2009, inclusive (the "Class Period"), and were injured thereby (the "Settlement Class"). Excluded from the Settlement Class are Defendants; members of the immediate families of the Defendants; the subsidiaries and affiliates of Defendants (provided, however, that the Popular, Inc. U.S.A. 401(k) Savings & Investment Plan and the Popular, Inc. Puerto Rico Savings and Investment Plan shall not be deemed affiliates of the Defendants for purposes of this Settlement Class definition); any person or entity who is a partner, executive officer, director or controlling person of Popular or any other Defendant; any entity in which any Defendant has a controlling interest; Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof, and the legal representatives, heirs, successors and assigns of any such excluded party. Also excluded from the Settlement Class are those persons and entities who submit valid and timely requests for exclusion from the Settlement Class.

        4.      Solely for purposes of the Settlement, the Court preliminarily finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the members of the Settlement Class are so numerous that joinder of all Class Members in the Action is impracticable; (b) there are questions of law

and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and their counsel have fairly and adequately represented and protected the interests of all of the Class Members; and (e) a class action for purposes of settlement is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of the members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Settlement Class; and (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and solely for purposes of Settlement, the Court preliminarily certifies Lead Plaintiffs as Class Representatives for the Settlement Class and appoints Co-Lead Counsel as Class Counsel.

6. The Court appoints the firm Epiq Systems, Inc. ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

7. The Court approves the form, substance and requirements of the Notice of (I) Pendency and Proposed Settlement of Class Action; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Expenses (the "Notice"); the Proof of Claim and Release form ("Proof of Claim"); and the Summary Notice of (I) Pendency and Proposed Settlement of Class Action; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Expenses (the "Summary Notice"), annexed hereto as Exhibits A-1, A-2 and A-3, respectively.

8. Not later than five (5) business days after the entry of this Order, Popular shall, at its own expense, provide to Co-Lead Counsel or the Claims Administrator, in an electronic,

computer-readable format acceptable to the Claims Administrator, the names and addresses of potential Class Members as shown in Popular's transfer records and shareholder information and as can be provided with a reasonable effort.

9. Not later than fifteen (15) business days after entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim and Release form ("Proof of Claim"), substantially in the forms annexed hereto as Exhibits A-1 and A-2, respectively, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort including those persons or entities appearing in the information provided by Popular pursuant to paragraph 8 above. On or before the Notice Date, the Claims Administrator shall also cause the Notice, Proof of Claim and Settlement Agreement to be posted on the Settlement website, www.PopularSecuritiesLitigation.com.

10. The Claims Administrator shall use reasonable efforts to give notice to brokers and other nominees who purchased Popular common stock and/or Series B preferred stock for the benefit of another person or entity during the period between January 24, 2008 through February 19, 2009, inclusive. Such brokers and other nominees are directed to either send the Notice and Proof of Claim to all such beneficial owners of Popular common stock and/or Series B preferred stock within fourteen (14) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within fourteen (14) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.

11. Nominee purchasers who elect to send the Notice and Proof of Claim to their beneficial owners shall also send a statement to the Claims Administrator confirming that the mailing was made as directed. Upon full compliance with this Order, such nominees may seek

reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund in accordance with the provisions of the Settlement Agreement.

12. Not later than ten (10) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily* and once over the *PR Newswire*.

13. Not later than seven (7) calendar days prior to the Settlement Hearing, Co-Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing of the Notice and Proof of Claim and publishing of the Summary Notice.

14. The form and content of the notice program described herein, and the methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 27(a)(7) of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the PSLRA, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

15. All Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Settlement Class, regardless of whether such persons or

entities seek or obtain by any means, including, without limitation, by submitting a Proof of Claim or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

16. Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be submitted no later than ninety (90) calendar days from the Notice Date. Any Class Member who does not submit a Proof of Claim within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court. Notwithstanding the foregoing, Co-Lead Counsel shall have the discretion to direct the Claims Administrator to process late-submitted claims so long as distribution of the Net Settlement Fund is not materially delayed thereby.

17. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by First-Class Mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice. The Proof of Claim submitted by each Class Member must satisfy the following conditions, unless otherwise ordered by the Court: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of this and the preceding paragraphs; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker

confirmation slip, or such other documentation as is deemed adequate by Co-Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury. As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted.

18. The administration of the proposed Settlement and the determination of all disputed questions of law and fact with respect to the validity of any Proof of Claim or right of any person or entity to participate in the distribution of the Net Settlement Fund shall be under the authority of this Court.

19. Any Class Member may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of their own choice. If a Class Member does not enter an appearance, he, she or it will be represented by Lead Plaintiffs and Co-Lead Counsel.

20. Any person or entity falling within the definition of the Settlement Class may, upon request, be excluded or "opt out" from the Settlement Class. Any such person or entity must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"). Unless the Court orders otherwise, a Request for Exclusion will not be valid unless it (a) is received by the Claims Administrator no later than twenty-one (21) calendar days prior to the Settlement Hearing; (b) states the name, address, and telephone number of the person requesting exclusion; (c) is signed personally by the person or, in the case of an entity, by an officer, director, partner or individual holding a similar position of such entity, requesting exclusion; (d) provides the date(s), price(s) and the number and type of Popular securities purchased during the

Class Period; and (e) states that the person or entity wishes to be excluded from the Settlement Class in the *Popular Securities Litigation*, Civil Action No. 3:09-cv-01428-GAG. All persons or entities who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Settlement Agreement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Agreement or any final judgment.

21. Co-Lead Counsel shall cause to be provided to Settling Defendants' Counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible and in any event no later than ten (10) business days prior to the Settlement Hearing.

22. Any member of the Settlement Class may appear, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, to show cause why the proposed Settlement of the Action should not be approved as fair, reasonable, and adequate, why a judgment should not be entered thereon, why the Plan of Allocation should not be approved as fair, reasonable, and/or why Co-Lead Counsel's application for an award of attorneys' fees and expenses should not be granted; provided, however, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or any attorneys' fees and expenses to be awarded to Plaintiffs' Counsel, unless such Class Member has filed with the Clerk of the United States District Court for the District of Puerto Rico, Federico Degetau Federal Building, 150 Carlos Chardón Street, San Juan, Puerto Rico 00918, and delivered to Co-Lead Counsel and Settling Defendants' Counsel, at the addresses listed below, a written notice of objection, along with copies of any supporting papers

and briefs, that includes: (a) such person's or entity's name, address and telephone number, along with a representation as to whether such person or entity intends to appear to be heard at the Settlement Hearing; (b) a statement of the reason(s) for objection; (c) proof of all purchases, acquisitions or sales of Popular common stock and/or Series B preferred stock during the Class Period and the price(s) paid and received; and (d) if such person has indicated that he, she, or it intends to appear at the Settlement Hearing, the identities of any witnesses that he, she, or it may call to testify and any exhibits that he, she, or it intends to introduce into evidence at the Settlement Hearing. Any such objections must be filed with the Court and received by the following counsel no later than twenty-one (21) calendar days before the Settlement Hearing:

**Co-Lead Counsel for Lead Plaintiffs and the Settlement Class:**

Ellen Gusikoff Stewart
Robbins Geller Rudman
  & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA  92101

Salvatore J. Graziano
Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY  10019

**Settling Defendants' Counsel:**

Joseph E. Neuhaus
Sullivan & Cromwell LLP
125 Broad Street
New York, NY  10004

23. Any Class Member who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as

incorporated in the Settlement Agreement, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Plaintiffs' Counsel, unless otherwise ordered by the Court.

24. The passage of the Settlement Fund to the Escrow Agents in accordance with the terms and obligations of the Settlement Agreement is approved. No person who is not a Class Member or Plaintiffs' Counsel shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Settlement Agreement.

25. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and/or further order(s) of the Court.

26. All papers in support of the Settlement, Plan of Allocation, and Co-Lead Counsel's application for an award of attorneys' fees and expenses shall be filed and served no later than twenty-eight (28) calendar days prior to the Settlement Hearing. Any reply papers to any timely filed objections to the Settlement, the Plan of Allocation and Co-Lead Counsel's application for an award of attorneys' fees and expenses shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

27. The Released Persons shall have no responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Co-Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

28. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Plaintiffs' Counsel, and any application for attorneys' fees and expenses, should be approved.

29. All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund, including the payment of any Taxes and Tax Expenses, shall be paid as set forth in the Settlement Agreement. In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither Lead Plaintiffs nor any of their counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶¶2.1 or 2.6 of the Settlement Agreement, except as required under ¶¶2.7, 7.2 and 9.3 of the Settlement Agreement.

30. Pending final approval by the Court of the Settlement, all proceedings in this Action shall be stayed and all members of the Settlement Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

31. The Court reserves the right to adjourn the date of the Settlement Hearing, or any adjournment thereof, and to modify any of the dates herein, without further notice to Class Members, and retains jurisdiction to consider all further matters arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

IT IS SO ORDERED.

DATED: ___June 20, 2011___

s/ Gustavo A. Gelpi
THE HONORABLE GUSTAVO A. GELPÍ
UNITED STATES DISTRICT JUDGE

BLBG#514126.11