# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RUSSELL HOFF, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>vs.<br><br>POPULAR INC., et al.,<br><br>Defendants | CIVIL NO. 09-01428 (GAG)<br><br>CLASS ACTION<br><br>COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS |
| Ceci Montilla-Rojo; Carlos Camino-Rios; Sonia Santiago-Martinez; Naila Figueroa-Arce; Carlos Rios, Consuelo Sanabria, Rios-Sanabria Conjugal Partnership; Angel Rivera; Victor Ginorio; Irma Santiago-Martinez; Pedro Rosell-Borges, Ana Beirut, Rosell-Beirut Conjugal Partnership; Ivan Lizardi-Estrada; Irene Ramirez-Sepulveda; Luis Pratts, Nereida Resto, Pratts-Resto Conjugal Partnership; Juan Diaz-Morales; Rafael Jimenez-Barreras; Fernando Lopez-Dirube; Carlos Lugo; Alfred Toledo, Rose Casanova, Toledo-Casanova Conjugal Partnership; Enrique Carrillo, Luz Arroyo, Carrillo-Arroyo Conjugal Partnership; Jose Lopez-Rivera; Eliud Padilla-Rosa, Sarai Torres, Padilla-Torres Conjugal Partnership; Isel Pedrosa, Julia Camareno, Pedrosa-Camareno Conjugal Partnership; Rafael Garcia, Maria Febles, Garcia-Febles Conjugal Partnership; Maria Berlingeri; Luisa Fuster; Maria Luque; Myrna Lugo; Victor Rodriguez; Emilia Vazquez-Stefani; Jaime Colley-Sanchez, Ada Capo, Colley-Capo Conjugal Partnership; Magdalena Diaz-Piza; Ricardo Heredia, Lucy Gonzalez, Heredia-Gonzalez Conjugal Partnership; William Carrasquillo, Maria Almena, Carrasquillo-Almena Conjugal Partnership; Juan Sanchez, Carmen Olivencia, Sanchez-Olivencia Conjugal Partnership; Rafael | CIVIL NO. 11-1050 (JAG)<br><br>COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS<br><br>PLAINTIFFS DEMAND TRIAL BY JURY |

Irizarry; Jose Torres; Edrick Torres-Roche; Joaquin Crespo-Moyet; Manuel Colon-Cabrera; Octavio Ramos-Pumarejo; Angel Lopez; Ismael La Torre; Manuel Miranda; Luis Irizarry-Cuebas; Nestor Cardona-Aviles, Magda Cancio, Cardona-Cancio Conjugal Partnership; Cesar Calderon; Nexus Development Group; Jerry Rivera; ZRM Group; Sandra Gonzalez; Francisco Esteves-Vergnes; Miguel Cancio, Sylvia Cancio, Cancio-Cancio Conjugal Partnership; Rafael Diaz-Lebron, Iris Ramirez-Oquendo, Diaz-Ramirez Conjugal Partnership; Enrique Fierres-Gonzalez; Jose Janer-Velazquez; Jorge Julia-Rodriguez; Yasmin Stella Ledee-Monge; Jorge Nieves-Velazquez

Plaintiffs – Intervenors

Jose Alfonso, Dalmis Perez, Alfonso-Perez Conjugal Partnership; Edwin Figueroa-Branuelas; Newlyn Developers; Lydia Lopez-Rodriguez; Fierres, Inc.; Sandra Cruz, Hector Rodriguez, Rodriguez-Cruz Conjugal Partnership; Enrique Martinez-Abreu, Brunilda Garcia, Martinez-Garcia Conjugal Partnership; Maria Garriga; Diana Silvestry; Fernando Caso; Jorge Estarellas; Sebastian Estarellas, Wilma Ortega, Estarellas-Ortega Conjugal Partnership; Alberto Fernandez-Carbia; Jose Caso, Sonia Latimer, Caso-Latimer Conjugal Partnership; Andrew Halko; Marcelino Varela, Marta Harrison; Varela-Harrison Conjugal Partnership; Maria Sabater; Jose Ramirez-Torres; Harry Ojeas-Pabey, Yolanda Sneed, Ojeas-Sneed Conjugal Partnership; Iris Quinones-Ramirez; Alicia Raffucci; Hector Herrera; Jennifer Biaggi, Jesus Raymond, Raymond-Biaggi Conjugal Partnership; Angeles Pillich-Lopez; Julio Acevedo-Lanuza; Luis Abraham-Castro; Dolores Gorrochategui; Nilmarie Jimenez-Pico, Alberto Rodriguez, Rodriguez-Pico

2

Conjugal Partnership; Maria Jimenez-Pico; Carmen Marante-Rodriguez; Jorge Leiseca-Garmendia; Jorge Ramirez-Nieves, Mirta Espinosa, Ramirez-Espinosa Conjugal Partnership; Juan Cancio-Rodriguez; Magda Haidar-Grau; Reneida Vargas-Ocasio

Plaintiffs – Co-intervenors

# MOTION FOR INTERVENTION, AND JOINING MOTIONS
# FILED BY CO-INTERVENORS

**TO THE HONORABLE COURT:**

**COME NOW** the appearing co-intervenors, through their undersigned counsel, and respectfully state and request as follows:

1. The co-intervenors are: Jose Alfonso, Dalmis Perez, Alfonso-Perez Conjugal Partnership; Edwin Figueroa-Branuelas; Newlyn Developers; Lydia Lopez-Rodriguez; Fierres, Inc.; Sandra Cruz, Hector Rodriguez, Rodriguez-Cruz Conjugal Partnership; Enrique Martinez-Abreu, Brunilda Garcia, Martinez-Garcia Conjugal Partnership; Maria Garriga; Diana Silvestry; Fernando Caso; Jorge Estarellas; Sebastian Estarellas, Wilma Ortega, Estarellas-Ortega Conjugal Partnership; Alberto Fernandez-Carbia; Jose Caso, Sonia Latimer, Caso-Latimer Conjugal Partnership; Andrew Halko; Marcelino Varela, Marta Harrison; Varela-Harrison Conjugal Partnership; Maria Sabater; Jose Ramirez-Torres; Harry Ojeas-Pabey, Yolanda Sneed, Ojeas-Sneed Conjugal Partnership; Iris Quinones-Ramirez; Alicia Raffucci; Hector Herrera; Jennifer Biaggi, Jesus Raymond, Raymond-Biaggi Conjugal Partnership; Angeles Pillich-Lopez; Julio Acevedo-Lanuza; Luis Abraham-Castro; Dolores Gorrochategui; Nilmarie Jimenez-Pico,

3

Alberto Rodriguez, Rodriguez-Pico Conjugal Partnership; Maria Jimenez-Pico; Carmen Marante-Rodriguez; Jorge Leiseca-Garmendia; Jorge Ramirez-Nieves, Mirta Espinosa, Ramirez-Espinosa Conjugal Partnership; Juan Cancio-Rodriguez; Magda Haidar-Grau; and Reneida Vargas-Ocasio.

2. On June 17, 2011, the Lead Plaintiffs' filed a Motion and Memorandum of Law for Preliminary Approval of Settlement (Motion For Preliminary Approval). In the Motion For Preliminary Approval the Lead Plaintiffs request the Court, among other matters, to enter "an order preliminarily approving the Settlement, preliminarily certifying the Settlement Class for settlement purposes only, directing that the Notice and Proof of Claim be sent to Class Members, directing publication of the Summary Notice, and setting a hearing date for final approval." *Document #190.*

3. The proposed Settlement as to which the Lead Plaintiffs request preliminary approval encompasses the claims of all "persons and entities who purchased and/or acquired Popular common stock and/or Series B preferred stock during the Class Period, and were injured thereby." *Id.* The intervenors "purchased and/or acquired Popular common stock and/or Series B preferred stock during the Class Period, and were injured thereby." The co-intervenors are putative class members. Therefore, the co-intervenors have a proprietary interest in the Settlement of the claims for which the Lead Plaintiff seeks preliminary approval.

4. As a matter of law:

*"*Review of a proposed class action settlement generally involves two hearings. First, counsel submit the proposed terms of settlement and the judge makes a preliminary fairness evaluation. . . . The judge should make a preliminary

4

determination that the proposed class satisfies the criteria set out in Rule 23(a) and at least one of the subsections of Rule 23(b) . . . . The judge must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing." *(Footnote omitted, emphasis supplied.), Manual for Complex Litigation (MCL), Fourth, §21.643.*

"In considering whether to grant preliminary approval to a class action settlement agreement, courts make a preliminary evaluation of the fairness of the settlement, prior to a hearing on notice." *In re NASDAQ Market-Makers Antitrust Litig., 1997 U.S. Dist. LEXIS 20835 (S.D.N.Y. Dec. 31, 1997).*

"Before sending notice of the settlement to the class, the court will usually approve the settlement preliminarily. This preliminary determination establishes an initial presumption of fairness when the court finds that: (1) the negotiations occurred at arm's length; (2) there was sufficient discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected. *See 2 NEWBERG & CONTE § 11.41, at 11-91.*" *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig., 55 F.3d 768, 785 (3d Cir. Pa. 1995).*

*"In settlement classes, however, it is often prudent to hear not only from counsel but also from the named plaintiffs, from other parties, and from attorneys who represent individual class members but did not participate in the settlement negotiations."* (Footnote omitted, emphasis supplied.), MCL, §21.643.

>   Objectors and/or class members *"might seek intervention and discovery to demonstrate the inadequacy of the settlement." (Emphasis supplied), MCL, §21.643.* A class member may even appear at the settlement hearing and object without seeking intervention. *Id.*

5.  The co-intervenors request leave, pursuant to *Rule 24 of the Federal Rules of Civil Procedure*,[1] to intervene as of right[2] in this action and to have an adequate opportunity to be heard regarding the Lead Plaintiffs' Motion For Preliminary Approval. In particular, the co-intervenors request an adequate opportunity to be heard regarding the Court's preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms, class certification and notice, before the settlement is preliminarily approved. *See, MCL, §21.643, supra.*

6.  In view of the extensive nature and the details of the Settlement, class certification and notice for which the Lead Plaintiffs seek preliminary approval, the co-intervenors request a time extension of thirty (30) days to file a response and/or opposition to the Motion For Preliminary Approval. The co-intervenors need this

---

[1] Rule 24, provides:

"(a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
…
 (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

[2] The intervenors certainly meet the criteria for interventin as of right inasmuch they have "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

additional time to be able to adequately review and study the terms and conditions of the proposed settlement, class certification and notice, to make an informed and intelligent evaluation regarding its fairness, reasonableness, and adequacy, before they can file a response and/or opposition to the Motion For Preliminary Approval.

7. The co-intervenors also hereby join the following motions filed by the other intervenors in this action:

    A.    Motion for Intervention, and Time Extension Request to File Response and/or Opposition to Motion Submitting Motion and Memorandum of Law for Preliminary Approval of Settlement. *Document #191.*

    B.    Intervenors Request for Limited Discovery for the Production of Expert Information and Reports. *Document #194.*

**WHEREFORE**, the co-intervenors respectfully request:

    A.    To be granted leave, pursuant to *Rule 24 of the Federal Rules of Civil Procedure,* for them to intervene in this action.

    B.    To be granted a time extension of thirty (30) days, to expire on July 20, 2011, to file a response and/or opposition to the Motion For Preliminary Approval.

    C.    To be granted leave to join the following motions filed by the other intervenors in this action:

        (i)    Motion for Intervention, and Time Extension Request to File Response and/or Opposition to Motion Submitting Motion and Memorandum of Law for Preliminary Approval of Settlement. *Document #191.*

        (ii)    Intervenors Request for Limited Discovery for the Production of Expert Information and Reports. *Document #194.*

**RESPECTFULLY SUBMITTED** in San Juan, Puerto Rico, this 23rd day of June, 2011.

**I HEREBY CERTIFY** that on this date the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/Eric M. Quetglas Jordan

USDC-PR #202514
Email: Eric@QuetglasLaw.com;
QuetglasLaw@gmail.com

/s/José F. Quetglas Jordán
USDC-PR #203411
Email: JFQuetglas@gmail.com

**QUETGLAS LAW OFFICES**
P.O. Box 16606
San Juan, PR 00908-6606
Tel: (787) 722-0635/722-7745
Fax: (787) 725-3970
Web: www.quetglaslaw.com

Kirk Wood
ekirkwood1@cs.com
**WOOD LAW FIRM, LLC**
2900 1st Avenue South, Suite A
Birmingham, Alabama 35233
Tel: (205) 612-0243

**ATTORNES FOR INTERVENORS PLAINTIFFS**