UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

---------------------------------------------------------- x
RUSSELL HOFF, Individually and on Behalf : Civil Action No. 3:09-cv-01428-GAG
of All Others Similarly Situated, : (Consolidated)
 :
                 Plaintiff, : <u>CLASS ACTION</u>
 :
vs. : FINAL JUDGMENT AND ORDER OF
 : DISMISSAL
POPULAR INC., et al., :
 :
                 Defendants. :
 :
---------------------------------------------------------- x

This matter came before the Court for hearing on November 2, 2011 pursuant to the Order Preliminarily Approving Settlement and Providing for Notice dated June 20, 2011 (the "Preliminary Approval Order"), on the application of Lead Plaintiffs for approval of the proposed settlement ("the Settlement") of the above-captioned consolidated class action litigation (the "Action") set forth in the Stipulation and Agreement of Settlement dated June 10, 2011 (the "Settlement Agreement"). Due and adequate notice having been given to the Settlement Class as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and all objections to the Settlement, and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Class Members.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finally certifies, for settlement purposes only, the following Settlement Class:

> All persons and entities who purchased or acquired Popular common stock and/or Series B preferred stock, during the time period between January 24, 2008 and February 19, 2009, inclusive (the "Class Period"), and were injured thereby. Excluded from the Settlement Class are Defendants; members of the immediate families of the Defendants; the subsidiaries and affiliates of Defendants (provided, however, that the Popular, Inc. U.S.A. 401(k) Savings & Investment Plan and the Popular, Inc. Puerto Rico Savings and Investment Plan shall not be deemed affiliates of the Defendants for purposes of this Settlement Class definition); any person or entity who is a partner, executive officer, director or controlling person of Popular or any other Defendant; any entity in which any Defendant has a controlling interest; Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof, and the legal representatives, heirs,

successors and assigns of any such excluded party. Also excluded from the Settlement Class are those persons and entities who submitted valid and timely requests for exclusion from the Settlement Class as listed on Exhibit 1 annexed hereto.

4.  The Court finds, solely for purposes of the Settlement, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the members of the Settlement Class are so numerous that joinder of all Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Co-Lead Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and (e) a class action for purposes of settlement is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of the members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Settlement Class; and (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum.



5.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and solely for purposes of the Settlement, the Court further finally certifies Lead Plaintiffs as Class Representatives for the Settlement Class and appoints Co-Lead Counsel as Class Counsel.

6.  The Court hereby finds that notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The notification provided for and given to the Settlement Class was in compliance with the Preliminary Approval Order, and said notice notification met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 27(a)(7) of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), Section 21D(a)(7) of the Securities Exchange Act of 1934,

15 U.S.C. §78u-4(a)(7), as amended by the PSLRA, and due process, and constituted the best notice practicable under the circumstances.

7. Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed to the Class Members, advising them of the Settlement, Plan of Allocation, and Co-Lead Counsel's intent to apply for an award of attorneys' fees and expenses, and of their right to object thereto, and a full and fair opportunity was accorded to the Class Members to be heard with respect to the foregoing matters. Thus, it is hereby determined that all Class Members who did not timely and properly elect to exclude themselves by written communication received on or before the date set forth in the Notice and the Preliminary Approval Order, are bound by this Judgment.



8. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finds that the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of the Settlement Class. The Court further finds that the Settlement set forth in the Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the respective Settling Parties. Accordingly, the Settlement Agreement and Settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to consummate the Settlement in accordance with the terms and provisions of the Settlement Agreement.

9. The Court hereby overrules all objections to the Settlement.

10. The Court hereby dismisses the Action with prejudice and without costs as to any Settling Party, except as and to the extent provided in the Settlement Agreement.

11. Upon the Effective Date, Lead Plaintiffs and each of the other Class Members who have not timely opted out of the Settlement Class, on behalf of themselves and their predecessors, successors, agents, legal representatives, heirs, executors, administrators, and assigns shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and

forever released, relinquished, and discharged all Released Claims against any and all of the Released Persons (whether or not such Class Member executes and delivers a Proof of Claim).

12.   Upon the Effective Date, Lead Plaintiffs and each of the other Class Members who have not timely opted out of the Settlement Class, on behalf of themselves and their predecessors, successors, agents, legal representatives, heirs, executors, administrators, and assigns, shall be permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement of any and all Released Claims against any and all of the Settling Defendants and the other Released Persons, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction.

13.   Upon the Effective Date, each of the Settling Defendants and each of the other Released Persons, on behalf of themselves and their predecessors, successors, agents, legal representatives, heirs, executors, administrators, and assigns, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Persons' Claims against Lead Plaintiffs, each of the other Class Members and their respective attorneys.



14.   Upon the Effective Date, each of the Settling Defendants and each of the other Released Persons, on behalf of themselves and their predecessors, successors, agents, legal representatives, heirs, executors, administrators, and assigns, shall be permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement of any and all Released Persons' Claims against Lead Plaintiffs, each of the other Class Members and their respective attorneys, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction.

15.   Any plan of allocation submitted by Co-Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separately from this Judgment.

16.   Neither this Judgment, the Settlement Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the

Settlement Agreement or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons; or (c) is or may be deemed to be, or may be used as an admission or evidence that any claims asserted by Lead Plaintiffs were not valid, that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial, or that the damages recoverable under the Complaint would not have been greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Persons may file the Settlement Agreement and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.



17. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement; (b) approval of a plan of allocation; (c) the allowance, disallowance or adjustment of any Class Member's claim on equitable grounds and any awards or distribution of the Settlement Fund; (d) disposition of the Settlement Fund; (e) hearing and determining applications for attorneys' fees, interest, and expenses in the Action; (f) all Settling Parties for the purpose of construing, enforcing, and administering the Settlement Agreement and this Judgment; and (g) other matters related or ancillary to the foregoing.

18. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

19. In the event that the Settlement does not become effective in accordance with its terms, except as otherwise provided in the Settlement Agreement, the terms and provisions of the Settlement Agreement and the MOU shall have no further force and effect with respect to the

Settling Parties and shall not be used in this Action or in any other proceeding for any purpose, and any order entered by the Court in accordance with the terms of the Settlement Agreement, including this Judgment, shall be treated as vacated *nunc pro tunc*, and the Settling Parties shall be restored to their respective positions in the Action as of immediately prior to January 19, 2011.

20. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

21. There is no reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: 11-2-11

THE HONORABLE GUSTAVO A. GELPÍ
UNITED STATES DISTRICT JUDGE

EXHIBIT 1

| PABLO CARRASQUILLO | SAN JUAN | PR |
|---|---|---|
| CHRISTINE C FERNANDEZ | CARSON | CA |
| LUIS G ABRAHAM-DECEASED | SAN JUAN | PR |
| JULIO M ACEVEDO LANUZA | GUAYNABO | PR |
| MARIA L BERLINGERI | GUAYNABO | PR |
| CESAR CALDERON | SAN JUAN | PR |
| CARLOS JAVIER CAMINO RIOS | GUAYNABO | PR |
| NESTOR V CARDONA AVILES & MAGDA CANCIO CARDONA | SAN JUAN | PR |
| JOSE CACO | GUAYNABO | PR |
| FERNANDO CASO | SAN JUAN | PR |
| JAIME COLLEY SANCHEZ | MAYAGUEZ | PR |
| MANUEL COLON CABRERA | SAN JUAN | PR |
| JAQUIN CRESP MOYET | SAN JUAN | PR |
| HECTOR RODRIGUEZ AMEZQUITA | SAN JUAN | PR |
| RAFAEL DIAZ LEBRON | GUAYNABO | PR |
| JUAN M DIAZ MORALES | SAN JUAN | PR |
| MAGDALENA DIAZ PIZ | SAN JUAN | PR |
| GLORIA M DOMENECH | MAYAGUEZ | PR |
| JORGE ESTARELLAS | SAN JUAN | PR |
| SEBASTIAN ESTARELLAS | CONDADO | PR |
| FRANCISCO ESTEVES VERGNE | SAN JUAN | PR |
| NAILA I FIGUEROA ARCE | GUAYNABO | PR |
| LUISA FUSTER BERLINGERI | GUAYNABO | PR |
| VICTOR GINORIO | HUMACAO | PR |
| SANDRA CONZALEZ | SAN JUAN | PR |
| LUCY GONZALEZ RODRIGUEZ | ARECIBO | PR |
| DOLORES GORROCHATEGUI | GUAYNABO | PR |
| RICARDO J HEREDIA GONZALEZ | ARCEIBO | PR |
| RAFAEL IRIZARRY | GUAYAMA | PR |
| LUIS RAUL IRIZARRY CUEBAS | SAN JUAN | PR |
| JOSE E JANER VELAZQUEZ | CAGUAS | PR |
| EROJAN REALTY | CAGUAS | PR |
| RAFAEL JIMENEZ BARRERAS | LAS PIEDRAS | PR |
| JORGE JULIA RODRIGUEZ | SAN JUAN | PR |
| ISMAEL LA TORRE TORRES | SAN JUAN | PR |
| YASMINE STELLA LEDEE MONGE | GUAYNABO | PR |
| IVAN LIZARDI ESTRADA | CAROLINA | PR |
| FERNANDO LOPEZ DIRUBE | SAN JUAN | PR |
| ANGEL LOPEZ RAMIREZ | ISLA VERDE | PR |

| | | |
|---|---|---|
| LYDIA LOPEZ RODRIGUEZ | SAN JUAN | PR |
| MYRNA LUGO | GUAYNABO | PR |
| CARLOS H LUGO | SAN JUAN | PR |
| MARIA D LUQUE VILLAFANE | SAN JUAN | PR |
| JOSE LOPEZ RIVERA | SAN JUAN | PR |
| ENRIQUE MARTINEZ ABREU | CAGUAS | PR |
| MANUEL MIRANDA FERRER | SAN JUAN | PR |
| CECI MONTILLA ROJO | SAN JUAN | PR |
| NEWLYN DEVELOPERS | SAN JUAN | PR |
| HARRY OJEAS & YOLANDA SNEED | SAN JUAN | PR |
| DA. ELIUD PADILLA ROSA & SARA TORRES CORTES | BAYAMON | PR |
| ISEL PEDROA & JULIA CAMARERO | SAN JUAN | PR |
| ANGELES PILLICH LOPEZ | CAGUAS | PR |
| LUIS R PRATTS & NEREYDA RESTRO RODRIGUEZ | CAROLINA | PR |
| ALICIA RAFFUCCI | PONCE | PR |
| IRENE RAMIREZ SEPULVEDA | ARECIBO | PR |
| JOSE L RAMERIZ | SAN JUAN | PR |
| OCTAVIO RAMOS PUAREJO | GUAYNABO | PR |
| JERRY RIVER COLON | SALINAS | PR |
| VICTOR RODRIGUEZ | SAN JUAN | PR |
| PEDRO ROSELL BORGA | SAN JUAN | PR |
| MARIA M SABATER | SAN JUAN | PR |
| CARLOS R RIOS BADILLO & CONSUELO SANBRIA DE RIOS | BAYAMON | PR |
| IRMA I SANTIAGO MARTINEZ | MAYAGUEZ | PR |
| SONIA SANTIAGO MARTINEZ | CABO ROJO | PR |
| JUAN A SANCHEZ & CARMES OLIVENCIA SEPULVEDA | GUAYNABO | PR |
| ALFREDO TOLEDO & ROSE J CONNER | MANATI | PR |
| JOSE L TORRES | YAUCO | PR |
| EDRICK TORRES ROCHE | GUAYNABO | PR |
| THOMAS BLANCO GARRIDO | GUAYNABO | PR |
| CARMEN D BUONO COLON | CAROLINA | PR |
| LAUREANO CARUS ABARCA | MIRAMAR | PR |
| JULIA CASTILLO LUGO | GUAYNABO | PR |
| RAFAELA FERNADEZ & PEDRO CID | SAN JUAN | PR |
| CONTECH OF PUERTO RICO/ LUIS R IRIZARRY | SAN JUAN | PR |

| NELSON CARDONA MUNIZ & MILAGROS PABON DE CARDONA | SAN JUAN | PR |
|---|---|---|
| ENRIQUE FREIRIA UMPIERRA | SAN JUAN | PR |
| MARIMER FREIRIA GARRATON | GUAYNABO | PR |
| FRANCISCO FERRAIOULI LABORDE & MARISOL SUAREZ GUARDIOLA | SAN JUAN | PR |
| ALBERTO FERNANDEZ CARBIA | GUAYNABO | PR |
| FRANCISCO FREIRIA GARRATON | GUAYNABO | PR |
| LUIS RAUL IRIZARRY CUEBAS | SAN JUAN | PR |
| VALERIANO MARCANO | SAN JUAN | PR |
| GEORGE McDOUGALL | SAN JUAN | PR |
| ADAN L MELENDEZ | SAN JUAN | PR |
| CARMEN MENENDEZ TORRES | SAN JUAN | PR |
| ARTURO NAVEIRA MERLY | SAN JUAN | PR |
| LYDIA E NUNEZ RIVERA & ARMINDO SERRANO SERRANO | SABANA HOYOS | PR |
| VENTURA PELUZZO CANETE | TRUJILLO ALTO | PR |
| MARIO RAMIREZ RUBREA & LETICIA BORGES DE RAMERIZ | SAN JUAN | PR |
| JORGE LUIS RAMIREZ NIEVES | BAYAMON | PR |
| MARIA EUGENIA SAN MIGUEL FUXENCH | SAN JUAN | PR |
| CECILIANA SUAREZ GONZALEZ | GUAYNABO | PR |
| DIANA SILVESTRY | HATO REY | PR |
| CARMEN E TORRES RIVERA | SAN JUAN | PR |
| EVELYN PEREZ CARDONA | SAN JUAN | PR |