UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

―――――――――――――――――――――― x
RUSSELL HOFF, Individually and on Behalf : Civil Action No. 3:09-cv-01428-GAG
of All Others Similarly Situated,         : (Consolidated)
                                          :
              Plaintiff,                  : CLASS ACTION
                                          :
     vs.                                  : ORDER AWARDING ATTORNEYS' FEES
                                          : AND EXPENSES
POPULAR INC., et al.,                     :
                                          :
              Defendants.                 :
――――――――――――――――――――――  x



This matter came before the Court for hearing on November 2, 2011 pursuant to the Order Preliminarily Approving Settlement and Providing for Notice dated June 20, 2011 (the "Preliminary Approval Order"), on the application of Co-Lead Counsel for an award of attorneys' fees and expenses in the above-captioned consolidated class action litigation (the "Action"). Due and adequate notice having been given to the Settlement Class as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated June 10, 2011 (the "Settlement Agreement"), and all terms used herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Class Members.

3. Notice of Co-Lead Counsel's motion for an award of attorneys' fees and expenses was given to all Class Members who could be identified with reasonable effort, and the form and method of notifying the Settlement Class was in compliance with the Preliminary Approval Order, and said notice met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 27(a)(7) of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the PSLRA, and due process, and constituted the best notice practicable under the circumstance.

-1-

4. Plaintiffs' Counsel are hereby awarded 27% of the Settlement Fund in attorneys' fees, which sum the Court finds to be fair and reasonable, and $435,416.15 in expenses plus interest thereon at the same rate and for the same period as earned by the Settlement Fund, to be paid from the Settlement Fund. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Co-Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions to the prosecution of the Action.

5. In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

    a. The Settlement has created a $37.5 million Settlement Fund from which numerous Class Members who submit acceptable Proofs of Claim will benefit;

    b. Over 65,000 copies of the Notice were disseminated to putative Class Members stating that Co-Lead Counsel were applying for attorneys' fees in an amount not to exceed twenty-seven percent (27%) of the Settlement Fund and for expenses in an amount not to exceed $1,000,000 (plus interest) and no objections to the requested attorneys' fees and expenses were filed;

    c. Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

    d. The Action involves complex factual and legal issues and was actively prosecuted and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

    e. Had Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that the Settlement Class may have recovered less or nothing from the Defendants; and

f. Plaintiffs' Counsel have devoted over 6,200 hours, with a lodestar value of over $3.23 million, to achieve the Settlement.

6. Any appeal or any challenge affecting this Court's award of attorneys' fees and expenses shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

7. The Court retains exclusive jurisdiction over the parties and the Class Members for all matters relating to this Action, including the administration and the distribution of the Settlement proceeds to the members of the Settlement Class.

8. If the Settlement is terminated or does not become Final or the Effective Date does not occur pursuant to the terms of the Settlement Agreement, this Order shall be rendered null and void to the extent provided by the Settlement Agreement, and shall be vacated in accordance with the terms thereof.

9. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED

DATED: __11-2-11__

_____
THE HONORABLE GUSTAVO A. GELPÍ
UNITED STATES DISTRICT JUDGE